UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

KAREN WHITE,
And others similarly situated

    Plaintiff,

v.                                       CIVIL ACTION NO. 3:12CV115

BMW OF NORTH AMERICA, LLC.,

    SERVE: CT Corporation System, Registered Agent
             4701 Cox Road, Suite 301
             Glen Allen, VA 23060-6802

    Defendant

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, **KAREN WHITE** (hereafter the "Plaintiff"), by counsel, and for herself and on behalf of others similarly situated and she states as follows:

## PRELIMINARY STATEMENT

1.     This is a consumer class action brought for willful violation of the Federal Magnuson-Moss Act, 15 U.S.C. §2301 et seq and the Virginia Motor Vehicle Warranty Enforcement Act, Va. Code §59.1-207.9, et seq against Defendant, BMW OF NORTH AMERICA, LLC. ("BMW")

## JURISDICTION

2.     The Court has Federal Question jurisdiction under the Federal Magnuson-Moss Act, 15 U.S.C. §2310, and 28 U.S.C. §1331, as the amount in controversy exceeds $50,000. It also has supplemental jurisdiction with regard to the state law claims pursuant to 28 U.S.C. §1367.

3. The Court has Diversity jurisdiction pursuant to 28 U.S.C. §1332 as the Plaintiff is a Virginia domicile and BMW is not and the amount in controversy exceeds $75,000. Further, the Court has jurisdiction over the class claim for the Virginia-only class as there are reasonably alleged to be over 1000 Virginia class members and for each the value of the automobile and related damages for loss of the value and use of same will average well over $5,000.

## PARTIES

4. The Plaintiff is a citizen of the Commonwealth of Virginia and a "consumer" as protected and governed by the Federal Magnuson-Moss Act, the Virginia Consumer Protection Act (VCPA), Va. Code §59.1-196 et seq, and the Virginia Motor Vehicle Warranty Enforcement Act ("Lemon Law"), Va. Code §59.1-207.9, et seq.

5. Defendant, BMW of North America, LLC. (hereinafter "BMW") is a corporation doing business in the State of Virginia through its registered agent. It is a manufacturer engaged in the business of manufacturing and/or assembling motor vehicles and/or distributing motor vehicles to its authorized dealers within the Commonwealth of Virginia and is a "manufacturer" as defined in §59.1-207.11 of the Code of Virginia, 1950, as amended.

## FACTS

6. On or about May 29, 2009, the Plaintiff purchased from Defendant, BMW's authorized dealer a new 2009 BMW/3 Series/335d, VIN number WBAPN73569A265980 (hereinafter the "automobile").

7. Plaintiff's vehicle was purchased with a "bumper to bumper" new car limited warranty. It was also accompanied by an implied warranty pursuant to Article 2 of the

Uniform Commercial Code.

8. Plaintiff was forced to seek repair of the automobile within eighteen months of purchasing the vehicle and after having driven it less than 12,000 miles.

9. Plaintiff's automobile has failed to conform to its manufacturer's warranty in such manner as to be significantly impaired in one or more of the following ways:

(a) Plaintiff's automobile has suffered the same defect – vehicle fault memory read for various different reasons and engine problems – three (3) or more times.

(b) Plaintiff's automobile has suffered a major defect – fuel injectors hanging up and dumping too much fuel, causing the crank case vent system to fail – vehicle will be in service for more than 30 consecutive days due to the engine having to be replaced.

10. None of the non-conformities hereinabove alleged was a result of abuse, neglect or unauthorized modification or alteration of the Plaintiff's automobile.

11. The full sales price of the motor vehicle was $64,956.70.

12. Plaintiff has incurred other damages including without limitation, loss of use of the automobile and/or payment of interest, insurance, personal property taxes and other incidental and consequential damages on the automobile that exceed $11,000.

13.     In an attempt to enforce her rights to obtain a repurchase of her automobile by BMW, Plaintiff filed a Virginia state court action asserting her claim under the Lemon Law. (the "State case")

14.     Defendant opposed the State case in part upon its claim that the Plaintiff had violated a warranty restriction prohibiting the use of low-sulfur fuel.

15.     The Plaintiff denies using any fuel not proper for her automobile.

16.     Nonetheless, Plaintiff alleges in the alternative that such warranty

restriction was not disclosed prior to her purchase of the vehicle and as well was not within the first page, or even pages, of the warranty manual BMW provided her.

17. Plaintiff alleges that even though BMW knows that it is not likely that the Plaintiff could have used low-sulfur fuel (which is difficult to come by now that the federal government has mandated the use of "ultra-low" sulfur fuel) or that this is the cause of her engine defect, it has refused to honor its obligation to repurchase under the Lemon Law on such basis.

## CLASS ALLEGATIONS

18. Plaintiff brings this action individually and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following Class:

> All natural persons who purchased a new BMW automobile in the United States on or after January 1, 2004, and for whom BMW denied a warranty claim because of BMW's explanation that the consumer had violated the low-sulfur fuel restriction in the BMW new vehicle warranty. Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

19. Plaintiff also alleges a Virginia sub-class defined as:

> All natural persons who made a claim to BMW regarding their BMW automobile under the Virginia Motor Vehicle Warranty Enforcement Act during the Lemon Law rights period, but for whom such claim was denied by BMW with an explanation that the consumer had violated the low-sulfur warranty restriction. Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action

20. **Numerosity. FED. R. CIV. P. 23(a)(1).** Plaintiff alleges that the Class is so numerous that joinder of all members if impracticable. On information and belief the Plaintiff alleges that the precise number of Class members is currently known only to Defendant.

21. **Existence and Predominance of Common Questions of Law and Fact.** **FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be (a) whether the low-sulfur warranty limitation was properly disclosed with the BMW new car warranty and (b) whether the low-sulfur warranty limitation was lawfully enforceable. These are common issues of fact and law.

22. **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff's claim is typical of the claims of each Class member. They require the same proof and present the same legal questions. Plaintiff is entitled to relief under the same cause of action as the other members of the Class.

23. **Adequacy. FED. R. CIV. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because her interest coincides with, and is not antagonistic to, the interests of the members of the Class she seeks to represent; she has retained counsel competent and experienced in such litigation; and she intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and her counsel.

24. **Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. Without limitation, individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendant's conduct. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the judicial system. Furthermore,

individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the Class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

### COUNT ONE: FEDERAL MAGNUSON-MOSS ACT
### 15 U.S.C. §2310

25. The Defendant has breached its contract and warranty and has further violated the Federal Magnuson-Moss Act by failing and refusing to bring the automobile into conformity with its written and implied warranty.

26. Plaintiff is entitled to the remedy available under 15 U.S.C. §2310, including all of her actual damages, attorneys fees and costs of litigation.

27. Pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiff seeks a declaration as to the Class that Defendant's low-sulfur warranty restriction is unenforceable.

28. Pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of the Class Plaintiff seeks to certify a class as to issues regarding the enforceability of the low-sulfur warraenty restriction.

### COUNT TWO: VIRGINIA LEOMON LAW
### Va. Code §59.1-207.9

29. Defendant violated the Lemon Law as to the Plaintiff and each member of the Virginia sub-class.

30. Plaintiff is entitled to the remedy available under Va. Code §59.1-207.14, including all of her actual damages, attorneys fees and costs of litigation.

31. Pursuant to Fed. R. Civ. P. 23(b)(2), Plaintiff seeks a declaration as to the Class that Defendant's low-sulfur warranty restriction is unenforceable.

32. Pursuant to Fed. R. Civ. P. 23(b)(3), on behalf of the Class Plaintiff seeks to certify a class as to issues regarding the enforceability of the low-sulfur warraenty restriction.

WHEREFORE, Plaintiff moves for class certification as pled under Fed. R. Civ. P. 23(b)(2) and 23(b)(3), and for judgment against the Defendant for actual damages, declaratory relief and attorney's fees and costs as pled, and such other specific and general relief the Court does find just and appropriate.

**TRIAL BY JURY IS DEMANDED**

Respectfully submitted,

KAREN WHITE,

By _____
Of Counsel

Leonard A. Bennett, VSB #37523
Susan M. Rotkis, VSB#40693
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia
(757) 930-3660
(757) 930-3662 facsimile
lenbennett@clalegal.com