UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

**KAREN WHITE,**

       Plaintiff,

v.                                                     **CIVIL ACTION NO. 3:12cv00115**

**BMW OF NORTH AMERICA, LLC.,**

       Defendant

**MEMORANDUM IN SUPPORT OF CONSENT MOTION
FOR LEAVE TO FILE AN AMENDED COMPLAINT**

COMES NOW the Plaintiff, KAREN WHITE, by consent, and in support of her Motion for Leave to file a First Amended Complaint, provides the following memorandum of law. The Plaintiff seeks to drop class claims and to add additional individual fact allegations and claims under the Fair Credit Reporting Act, including 15 U.S.C. §1681i(f)(2), based on information the Plaintiff has recently learned from the Defendant in the course of litigating this case. Ms. White filed her original class complaint on February 14, 2012. (Docket #1). Subsequent to the filing of the original class complaint, Plaintiff attempted to initiate and complete a dispute resolution with BBB Auto Line. In addition, Plaintiff intends to remove the "Class" allegation originally pled in Plaintiff's complaint. The Plaintiff has discussed her intention to amend the complaint and sought Defendant's consent. Because the amendment is timely and will not cause any legal prejudice to Defendant, an amendment to the complaint is proper and should be permitted under Fed. R. Civ. P. 15(a)(2). The Defendant consents to the Plaintiff's motion for leave to file an amended complaint.

The Defendant filed a Motion to Dismiss (Docket Nos. 13, 14, 16), to which the

1

parties agreed to extend the time in which Plaintiff had to respond and the court so ordered. (Docket Nos. 21, 23, 25). The parties have agreed that the filing of an Amended Complaint will moot the Defendant's Motion to Dismiss, with no prejudice to the Defendant's right to file a new Motion to Dismiss or other dispositive motion or pleading related to the Amended Complaint. The parties are circulating an Agreed Order for original signatures, which will be filed with the court as soon as possible.

I. **Introduction**

This case arises out of a lemon law claim and violation of the Federal Magnuson-Moss Warranty Act. Plaintiff purchased her vehicle with a bumper-to-bumper warranty. Shortly after purchasing the vehicle, Plaintiff was forced to seek repairs of her automobile more than three times for major defects, causing Plaintiff to have to ultimately replace the engine in order use the car. Defendant failed and refused to bring the automobile into conformity with its written and implied warranty and has violated the Federal Magnuson-Moss Warranty Act by attempting to enforce informal dispute mechanism terms that do not comply with regulations that establish the informal dispute mechanism.

II. **Law and Argument**

    A.     **Standard for granting leave to amend**

Fed R. Civ. P. 15(a)(2) provides that leave to amend a pleading "shall be freely given when justice so requires." The Supreme Court has declared that the mandate under the rule that leave to amend shall be freely given is granted liberally, and to justify a denial of such leave, it must appear to the Court that the amendment is futile, offered in bad faith, prejudicial or otherwise contrary to the interests of justice. *Foman v. Davis*,

371 U.S. 178 (1962); *Roper v. County of Chesterfield,* 807 F. Supp. 1221, 1223 (E.D. Va. 1992). The *Foman* Court held that a Plaintiff ought to be afforded the opportunity to amend a complaint so long as there is no apparent undue delay, bad faith or dilatory motive on the part of the movant, or repeated failure to cure deficiencies by amendments previously allowed. Although the Court has discretion to grant an amendment, "outright refusal to grant the leave without any justifying reason appearing for the denial is not exercise of discretion." *Foman v. Davis,* 371 U.S. at 182.

### B. Amendment is timely requested and Defendants will suffer no prejudice.

The liberal standard requires that leave to amend "will not be denied unless the amendment will cause actual prejudice to the adverse party." *Wall v. Freuhauf Trailer Servs. Inc.,* 123 F. Appx. 572, 576 (4th Cir. 2005) (*citing Ward Elecs. Serv. Inc. v. First Comm'l Bank,* 819 F.2d 496, 497 (4th Cir. 1987) for the example that a change in theory of recovery and prior amendment weren't sufficient reasons to deny a motion for leave to amend absent evidence of bad faith). Furthermore, when an amendment is offered in a timely manner, it should be permitted. *Foman v. Davis*, 371 U.S. 182 (holding that an amendment should be permitted absent "undue delay, bad faith or dilatory motive on the part of the movant …[or] undue prejudice to the opposing party.") The amendment is sought after careful consideration. The parties have conducted almost no discovery. Defendants cannot claim any prejudice by virtue of this amendment because of the nascent stage of discovery.

The Defendant in this case cannot claim that they are surprised by this motion or the Plaintiff's desire to move ahead with the amendment to include the additional facts.

Allowing Plaintiff to file an Amended Complaint will not legally prejudice the Defendant and has not been offered after an undue delay.

### C. The Amended Complaint is neither futile nor offered in bad faith

The Plaintiff seeks to add the Federal Magnuson-Moss Act violation claim based on Defendant's attempts to force Plaintiff to comply with informal dispute mechanism terms that do not comply with regulations establishing the rules for such mechanism.

### III. Conclusion

In addition to the fact that the Defendant consents to Plaintiff's motion for leave to file an Amended Complaint, such an amendment will cause no prejudice to the Defendant and no delay in trial proceedings. The Plaintiff has not engaged in any unwarranted delay and has not acted in bad faith. The cause of action that the Plaintiff seeks to add clearly states a claim for which relief may be granted. Leave to Amend should be granted, the Defendant's Motion to Dismiss should be denied as moot, with the Defendant free to file a motion to dismiss or for other dispositive relief as to the Amended Complaint.

Respectfully Submitted,

KAREN WHITE,
For herself and on behalf of all
similarly situated individuals.

_____/s/_____
LEONARD A. BENNETT, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
Attorney for Plaintiff
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, Virginia 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
E-mail:  lenbennett@clalegal.com

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 15th day of May, 2012, I will file the foregoing motion electronically using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

**Christopher James Dalton**
Buchanan Ingersoll & Rooney PC (NA-NJ)
550 Broad Street
Suite 810
Newark, NJ 07102 (973) 424-5614
Fax: (973) 273-9430
Email: christopher.dalton@bipc.com

**Rachel Jane Elsby**
Buchanan Ingersoll & Rooney PC (VA)
1737 King St
Suite 500
Alexandria, VA 22314-2727
703-836-6620
Fax: 703-836-2021
Email: Rachel.Elsby@bipc.com

**Rosemary Joan Bruno**
Buchanan Ingersoll & Rooney PC (NA-NJ)
550 Broad Street
Suite 810
Newark, NJ 07102
(973) 424-5600
Fax: (973) 273-9430
Email: rosemary.bruno@bipc.com

          /s/
        LEONARD A. BENNETT, VSB#37523
        CONSUMER LITIGATION ASSOCIATES, P.C.
        Attorney for Plaintiff
        763 J. Clyde Morris Boulevard, Suite 1-A
        Newport News, Virginia 23601
        (757) 930-3660 - Telephone
        (757) 930-3662 – Facsimile
        Email: lenbennett@clalegal.com