**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| **KAREN WHITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 3:12CV115-MHL** |
| | ) | |
| | ) | |
| **BMW of NORTH AMERICA, LLC,** | ) | |
| | ) | |
| **Defendant.** | | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF SECOND SET OF MOTIONS IN LIMINE**

COMES NOW the Plaintiff, Karen White, and files this memorandum of law in support of her motions in limine requesting that, for purposes of trial or summary judgment, the court exclude all testimony and documents regarding the matters set forth herein, and to enter an order prohibiting the Defendant, Defendant's counsel, or any of the Defendant's witnesses from mentioning, either directly or indirectly, in response to the Defendant's suggestion or otherwise, the matters set forth below.

## I. Plaintiff's Motion in Limine to Strike the Defendant's Expert Report and Exclude any evidence, testimony or witnesses relating thereto.

The Plaintiff moves in limine that the court strike the Defendant's expert report (Docket No. 48-1) and prevent the Defendant from introducing any evidence based upon information that the Defendant failed to disclose in its mandatory disclosures or in response to the Plaintiff's discovery, and that such evidence is subject to the automatic exclusion under Fed. R. Civ. P. 37(c)(1). The discovery cut-off was August 8, 2012. That same day, the Defendant served its 26(a)(1) mandatory disclosures for the first time. In its mandatory disclosure, the Defendant did

not identify a single document "[o]ther than those documents obtained from any plaintiff." The Defendant did not provide page ranges or a copy or description by category and location of a single document in its possession, custody or control that could support its claims or defenses required under the Rule 26(a)(1)(ii) or (iv). The Defendant has not supplemented its mandatory disclosure pursuant to Fed. R. Civ. P. 26(e).

On August 18 and August 24, 2012, Defendant filed its expert's disclosure and supplemental expert disclosure, respectively. (Docket Nos. 48-1 and 56). It was on August 18 and August 24, that the Defendant disclosed for the first time, through its expert's reports, the existence of documents that were clearly in Defendant's possession or control but never previously disclosed as required by Fed. R. Civ. P. 26(a)(1) and (e). The Defendant, which was in possession of the documents upon which the expert relied at the time it made its mandatory disclosure, had a duty to disclose it in compliance with Rule 26(6)(a)(1). Because it did not disclose it on or before August 8, 2012, or timely supplement it under Rule 26(a)(1), the Defendant should be precluded from introducing any such evidence under the automatic exclusion available under Fed. R. Civ. P. 37(c)(1).

Plaintiff does not seek to preclude evidence that had already been disclosed informally or obviously known to the Plaintiff. Instead, she brings this motion to preclude the use of witnesses and documents that have never been disclosed or made available to the Plaintiff, but that were relied upon by the expert in order to prepare the expert report in this case. Aside from the fact that the Defendant had possession of the documents at the time it made its mandatory disclosures, discovery has now been closed more than three weeks and the parties are marching toward a jury trial in one month's time.

Aside from the various sanctions remedies provided by Rules 26, 37(a), and 37(b), the

Defendant is also subject to Rule 37(c)(1). Defendant cannot be permitted to use documents and evidence that it has refused to disclose and provide pursuant to Rule 26(a)(1) and Rule 26(e). Unlike conventional discovery, a party's disclosure obligations are "self-executing." If a party does not properly and timely comply with Rule 26(e), it may not use the evidence it failed to disclose or supplement in a timely fashion. Fed. R. Civ. P. 37(c). *Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954 (E.D. Va. Oct. 27, 2010)(finding that the court "must impose sanctions" for under Rule 37(c)(1) where there was no harmless error or substantial justification). Rule 37(c) provides:

> Failure to Make Disclosure or Cooperate in Discovery; Sanctions
> (c) Failure to Disclose; False or Misleading Disclosure; Refusal to Admit.
> (1) <u>A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1), or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at a trial</u>, at a hearing, or on a motion any witness or information not so disclosed. In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions. In addition to requiring payment of reasonable expenses, including attorney's fees, caused by the failure, these sanctions may include any of the actions authorized under Rule 37(b)(2)(A), (B), and (C) and may include informing the jury of the failure to make the disclosure. (emphasis added).

Exclusion of the new evidence is the only appropriate remedy for a party's failure to disclose it, "[Rule] 37(c)(1) 'provides that a party who fails to [provide information or] identify a witness as required by Rule 26(a) or (e) is not allowed to use that [information or] witness to supply evidence on a motion.'" *Bland v. Fairfax County, Va.*, 1:10CV1030 JCC/JFA, 2011 WL 1660630 (E.D. Va. May 3, 2011)(quoting *Hoyle v. Freightliner, LLC,* ––– F.3d ––––, No. 09CV2024, 2011 WL 1206658, at *4 (4th Cir. Apr. 1, 2011)). This is consistent with the Advisory Committee notes to the 1993 Amendment of Fed. R. Civ. P. 37(c), which explains:

> Subdivision (c). The revision provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision (a)(2)(A).Paragraph (1) prevents a party from using as evidence any witnesses or information that, without substantial justification, has not been disclosed as required by

> Rules 26(a) and 26(e)(1). This automatic sanction provides a strong inducement for disclosure of material that the disclosing party would expect to use as evidence, whether at a trial, at a hearing, or on a motion, such as one under Rule 56.

The only exceptions in Rule 37(c) are for circumstances in which the failure to disclose was with "substantial justification" or in which the failure to disclose was "harmless." *Barksdale v. E & M Transp., Inc.*, 3:10CV140, 2010 WL 4534954, at *3. Neither of these limited exceptions applies in this case. Experienced counsel has no safe harbor, where even "counsel's lack of familiarity with the Federal Rules is not an excuse sufficient to stave off the harsh sanction of Rule 37." *Campbell v. United States*, 3:10-CV-363, 2011 WL 588344 (E.D. Va. Feb. 8, 2011).

## II. Plaintiff's Motion in Limine to exclude any of Defendant's expert evidence and testimony regarding the value of the automobile

The Plaintiff requests this Court enter an order prohibiting the Defendant's expert or Defendant's counsel from presenting evidence, either directly or indirectly, regarding the value of the automobile because the expert has not disclosed a single credential that qualifies him to offer any opinion regarding valuation pursuant to Fed. R. Evid. 702. Allowing the Defendant's expert to offer an opinion regarding the value of the vehicle would be improper since he appears to have technical expertise but no expertise that would allow him to form an opinion on value.

The expert's report (Docket No. 48-1) submitted by Brian Sime contains a curriculum vitae ("CV") demonstrating that he is a certified BMW master technician for 22 years. In addition, he has achieved other BMW certifications including National Workshop Master Technician, National Technical Hotline Specialist, Technical Hotlink Team Leader (drive train and chassis systems), Technical Support Engineer, Technical Support Engineer TTL, and MINI Master Technician. In the expert's supplemental report (Docket No. 56), Mr. Sime submitted documents describing the duties and expertise in each certification area described in the CV, and

added additional information regarding volunteer positions, education and specialized BMW training such as diesel and advanced diesel engine, body, motorsport vehicle and hybrid specialist. The supplemental disclosure also included what appear to be un-authenticated records of courses he has taken and completed to achieve or maintain BMW technician training for some period of time prior to and including August 24, 2012. There is not a single mention of any knowledge, skills, experience, training, certification, education or any other qualification that would permit the factfinder to consider this expert's opinion on the value of the automobile in this case. Because the expert has no qualifications that have been disclosed that would qualify him to testify about the value of the vehicle, such testimony must be excluded.

Under Fed. R. Evid. 702, the evidence should be excluded because witness has not demonstrated he is qualified as an expert on valuation based on his knowledge, skill, experience, training or education in order to determine the market value of an automobile such as the one in this case.

Wherefore, based on the foregoing, the Plaintiff respectfully requests this Court grant her second Motions in Limine.

Respectfully Submitted,

Karen White

__________/s/______________________
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
(757) 930-3660 - Telephone

(757) 930-3662 – Facsimile
lenbennett@cox.net

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2012, I electronically filed the foregoing via the CM/ECF System, which will notify the following counsel of record:

**Christopher James Dalton**
Buchanan Ingersoll & Rooney PC (NA-NJ)
550 Broad Street
Suite 810
Newark, NJ 07102

**Rachel Jane Elsby**
Buchanan Ingersoll & Rooney PC (VA)
1737 King St
Suite 500
Alexandria, VA 22314-2727

**Rosemary Joan Bruno**
Buchanan Ingersoll & Rooney PC (NA-NJ)
550 Broad Street
Suite 810
Newark, NJ 07102

**Anne Burris**
Buchanan Ingersoll & Rooney PC (NA-NJ)
550 Broad Street
Suite 810
Newark, NJ 07102

**James DeRose**
Buchanan Ingersoll & Rooney PC (NA-NJ)
550 Broad Street
Suite 810
Newark, NJ 07102

__________/s/______________________

Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net