# EXHIBIT E

Not Reported in S.E.2d, 18 Va. Cir. 401, 1990 WL 10030102 (Va.Cir.Ct.)
**(Cite as: 1990 WL 10030102 (Va.Cir.Ct.))**

Circuit Court of Virginia,
Fairfax County.
Brian C. CAMPDEN–MAIN and Mary Linda Sara
v.
AUSTIN–ROVER CARS OF NORTH AMERICA.

No. 91566.
Jan. 10, 1990.

LEWIS HALL GRIFFITH, Judge.

**\*1** This matter came before the Court on Defendant's Plea in Bar to Count II of the Motion for Judgment. For the reasons stated below the Plea is sustained.

According to the Motion for Judgment, the allegations of which will be taken as true for the purposes of the Plea, the plaintiffs took delivery of a new Sterling automobile on September 22, 1987. The car was under an express warranty issued by the defendant, Austin–Rover Cars of North America (ARCONA). Almost immediately, the plaintiffs experienced mechanical difficulties with the car. Numerous trips were made to the dealer's service department but the problems could not be corrected. A series of correspondence between the plaintiffs, the dealer and ARCONA began in December, 1987 and continued until April, 1989. On September 5, 1988, the plaintiffs wrote to the dealer seeking to exercise their option to obtain a replacement vehicle or to secure a buyout from the dealer. After failing to receive a satisfactory response, the plaintiff's attorney sent a letter to the dealer reiterating their desire to exercise their options under the Motor Vehicle Warrant Enforcement Act, Va.Code §§ 59.1–207.9, et seq. (the Act). The attorney also requested that a copy of the letter be forwarded to ARCONA. A similar letter was written to ARCONA on February 10, 1989. On March 8, 1989, the attorney wrote to ARCONA confirming ARCONA's telephonic rejection of the plaintiff's request to exercise their options under the Act. On April 27, 1989, the attorney wrote to ARCONA to request commencement of their informal dispute settlement procedures, if any existed. Suit was filed on June 23, 1989, to enforce the plaintiff's rights under the Act.

ARCONA contends that the suit is barred under the Act pursuant to the statute of limitations contained therein. Virginia Code § 59.1–207.13(E) (1987) states:

Any action brought under this chapter shall be commenced within eighteen months following the date of original delivery of the motor vehicle to the consumer.

The automobile in this case was delivered on September 22, 1987, and suit was not filed until June 23, 1989, a period in excess of eighteen months.

The plaintiffs argue that the eighteen month limitation period is not applicable because their case falls within the extended limitation period provided by Va.Code Section 59.1–207.13(G) (1987). That section reads:

Provisions of this chapter do not apply to any consumer who has failed to exhaust his remedies under a manufacturer's informal dispute settlement procedure if such a procedure exists and is in compliance with applicable federal law and regulation. Notwithstanding the provisions of subsection E of this section, any consumer whose good faith attempts to settle the dispute have not resulted in the satisfactory correction of repair of the nonconformity, replacement of the motor vehicle or refund to the consumer of the amount described in subdivision 2 of subsection A of this section, shall have twelve months from the date of the final action taken by the manufacturer in its dispute settlement procedure to file an action in the proper court, provided the consumer has rejected the manufacturer's final action.

**\*2** An initial question has arisen as to which of the three amended versions of the Act controls this case. Delivery of the automobile was taken in September, 1987. At that time the 1987 amendment to Section 59.1–207.13 was in effect and this version, partially quoted above, controls.

The question before the Court is whether the plaintiffs are entitled to the benefit of the extended limitations period provided by Va.Code § 59.1–207.13(G).

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in S.E.2d, 18 Va. Cir. 401, 1990 WL 10030102 (Va.Cir.Ct.)
**(Cite as: 1990 WL 10030102 (Va.Cir.Ct.))**

The Motor Vehicle Warranty Enforcement Act contains its own internal eighteen month limitations period applicable to all suits brought under it. One exception exists. When the manufacturer has an informal dispute settlement procedure which complies with applicable federal law and regulations, suit may be brought within one year after the final act taken by the manufacturer in its procedure.[FN1]

> FN1. The reference to federal law and regulations is presumably to the Magnuson–Moss Warranty Act, 15 U.S.C. sect. 2301, et seq. See Carol S. Nance, "Virginia's Lemon Law: The Best Treatment for Car Owner's Canker," 19 U. Rich. L.Rev. 405, 413–14 (1985). To qualify under federal law and regulations and the Act, a dispute settlement procedure must meet a number of requirements, including the requirement that information about the procedure be contained on the warranty.

The manufacturer must have a qualified dispute settlement procedure in place before any consumer can be allowed to benefit from the extended limitations period of Section 59.1–207.13(G). The second reference in the subsection to dispute settlement procedures cannot be read independently of the first. The exceptional limitation period was not designed to benefit any party who merely attempts to settle the dispute informally. Unless a bona fide dispute settlement procedure exists, subsection G is inapplicable.

The plaintiffs have not alleged or shown that a dispute settlement procedure exists which fulfills the requirements of the Act and therefore cannot benefit from the extended limitations period of subsection G.

The Court is cognizant of the fact that the plaintiffs have alleged good faith efforts to resolve this dispute. Mr. Schwartz's letter to ARCONA dated March 8, 1989, indicates, however, that he knew of ARCONA's decision to deny his clients any remedy under the Act. At that time Mr. Schwartz still had fourteen days to file his lawsuit before the eighteen month limitations period expired. He nonetheless chose to wait until June 1989.

ARCONA's Plea in Bar is sustained as to Count II of the Motion for Judgment.

Va.Cir.Ct.,1990.
Campden-Main v. Austin-Rover Cars of North America
Not Reported in S.E.2d, 18 Va. Cir. 401, 1990 WL 10030102 (Va.Cir.Ct.)

END OF DOCUMENT

© 2012 Thomson Reuters. No Claim to Orig. US Gov. Works.