IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

_____

| | : | |
|---|---|---|
| Karen White, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. 3:12-CV-00115-REP |
| v. | : | |
| | : | |
| BMW of North America, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

_____

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S FIRST MOTION *IN LIMINE***

Defendant BMW of North America, LLC ("BMW") hereby opposes Plaintiff Karen White's ("Plaintiff") First Motion *in Limine* (Doc. No. 52). The Court should deny Plaintiff's First Motion *in Limine* because it fails to specify the relief it seeks and fails to provide a basis for that relief. Plaintiff's First Motion *in Limine* requests the Court preclude BMW from presenting any evidence or witness testimony that falls outside of Plaintiff's Rule 26(a)(1) disclosures and all documents otherwise not provided to and not known to the Plaintiff. However, beyond that vague request, Plaintiff never states what, if any, information it seeks to exclude. Moreover, Plaintiff fails to state what harm it suffered or what failure the Defendant committed to warrant exclusion under Rule 37. Defendant submitted its Rule 26 disclosures, including over 300 pages of documents prior to the close of discovery. In doing so, Defendant identified and provided all information available and known to it. Thus, Plaintiff is not entitled to any exclusion under Rule 37 and Plaintiff's First Motion *in Limine* should be denied.

I.      BACKGROUND

Plaintiff initially filed this lawsuit as a class action against Defendant. Doc. No. 1. Following Defendant's filing of a motion to dismiss those claims, Plaintiff withdrew the previous class action complaint and filed a new complaint as a sole Plaintiff, stating claims under the Federal Magnuson-Moss Act and Virginia's Warranty Enforcement Act. Doc. No. 37. During the pendency of Defendant's Motion to Dismiss, the case was reassigned to Magistrate Lauck. From the time Plaintiff filed the Amended Complaint on May 17, 2012 to early July, neither party actively engaged in any form of discovery, nor did either party provide any form of disclosure. In addition, although the Court entered a Scheduling Order on May 22, 2012, the parties never engaged in a Rule 26(f) conference, which would typically trigger the deadline for Rule 26(a)(1) disclosures. In its Scheduling Order, the Court set dates for expert disclosures and the close of discovery, but did not set a date for the exchange of initial disclosures. In early July, both parties initiated discovery. Plaintiff also produced its initial disclosures with its requests. Defendant provided its initial disclosures, with a collection of over 300 pages of documents, on August 8, 2012. However, despite criticizing Defendant for its discovery responses, neither party provided discovery responses.[1]

II.     ARGUMENT

      A.      **Plaintiff's Motion Fails to Specify What, If Any, Evidence Should Be Excluded or How She Suffered Any Form of Harm**

Plaintiff's First Motion *in Limine* requests that "Defendant be prevented from introducing any evidence or witness that it failed to disclose in its mandatory disclosures or in response to the Plaintiff's discovery . . . ." Motion at p. 1. Yet, Plaintiff makes absolutely no showing as to what that blanket statement might cover or include. To the extent that Plaintiff seeks to exclude

---

[1] Plaintiff's sole response to Defendant's Interrogatories consisted of a blanket numerosity objection, and Plaintiff provided no responses or objections to Defendant's Request for Production.

information disclosed by Defendant's Rule 26 disclosures, such exclusion is improper under Rule 37. Rule 37 exclusion is only appropriate in cases involving failure to disclose or supplement, unless such failure is harmless. Here, the Rule 37 exclusion is inapplicable because Defendant did not fail to produce any disclosure required by Rule 26, and Plaintiff makes no accusation that it did. In fact, Plaintiff's Motion explicitly acknowledges that Defendant served its Rule 26(a)(1) disclosures. Although Plaintiff denies this fact, Defendant's disclosures included over 300 pages of documents.

Additionally, exclusion under Rule 37 is improper here because Plaintiff fails to allege that it was harmed or prejudiced in any way. Even assuming Defendant's disclosures could have been provided in a more timely fashion, Plaintiff's motion makes no allegation of harm. It merely states that the exception does not apply. Plaintiff does not identify a single fact or witness about which it had insufficient notice or requires additional discovery. In *Southern States Rack & Fixture, Inc. v. Sherwin–Williams Co.*, the Fourth Circuit articulated a five-factor test for determining "whether a nondisclosure of evidence is substantially justified or harmless for purposes of a Rule 37(c)(1) analysis." 318 F.3d 592, 597 (4th Cir. 2003). The five *Southern States* factors are: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence." *Id*.

As to factors one through four, any alleged shortcomings in Defendant's disclosures were harmless, and no argument can be made to the contrary. First, the disclosures were provided almost two months before trial – nearly at the same time as when Plaintiff requested discovery responses be produced. Additionally, Plaintiff has made no showing of surprise. In fact,

Plaintiff could not be surprise because she previously engaged Defendant in a state court action based on the same circumstances and was fully aware, as acknowledged in the Amended Complaint of Defendant's contentions. Because Plaintiff failed to identify what evidence it seeks to exclude, Defendant cannot address the importance of that evidence. Finally, as mentioned previously, Defendant did not fail to submit its disclosures.

Therefore, Plaintiff is not entitled to the exclusions provided for by Rule 37.

### B.     Plaintiff's Motion Should Be Rejected for Failing to Comply with L.R. 37

Plaintiff's First Motion *in Limine* also appears to take issue with the sufficiency of Defendant's discovery responses. Notably absent from Plaintiff's motion is an acknowledgement of its failures to respond to Defendant's Requests for Production or Interrogatories. However, and setting aside the fact that Plaintiff appears to be playing by one set of rules and enforcing another, to the extent that Plaintiff's Motion *in Limine* is directed at preventing Defendant from relying on evidence associated with Plaintiff's discovery requests, Plaintiff is also not entitled to exclusion because Plaintiff failed to comply with the local rules regarding discovery disputes. Local Rule 37 requires that parties attempt to resolve all discovery disputes through a meet and confer prior to seeking assistance from the Court. L.R. 37(E). At no time prior to filing this Motion did Plaintiff ever contact Defendant to address its concerns regarding discovery. Plaintiff is not entitled to exclusion as a reward for its failure to engage in self-help during the discovery process.

### III. CONCLUSION

For all of the foregoing reasons, Defendant BMW of North America, LLC. respectfully requests this honorable Court to deny Plaintiff's First Motion *in Limine*.

Dated: August 31, 2012

/s/ Rachel Elsby
Rachel Jane Elsby (VSB #81389)
BUCHANAN INGERSOLL & ROONEY, PC
1737 King Street, Suite 500
Alexandria, Virginia 22314-2727
Telephone: 703-299-6927
Facsimile: 703-836-2021
rachel.elsby@bipc.com

James DeRose, *pro hac vice*
Anne Burris, *pro hac vice*
LINDABURY MCCORMICK ESTABROOK & COOPER, PC
53 Cardinal Drive, PO Box 2369
Westfield, NJ 07091
Telephone: 908-233-6800
Facsimile: 908-233-5078
jderose@lindabury.com
aburris@lindabury.com

*Counsel for Defendant BMW of NA, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of August 2012, I will electronically file the foregoing DEFENDANT'S OPPOSITION TO PLAINTIFF'S FIRST MOTION *IN LIMINE* with the Clerk of Court using the CM/ECF system which will send notification of such filing via Notification of Electronic Filing (NEF) to the following:

>Leonard A. Bennett, Esq.
>Susan Rotkis, Esq.
>CONSUMER LITIGATION ASSOCIATES, P.C.
>763 J. Clyde Morris Blvd., Suite 1-A
>Newport News, VA 23601
>srotkis@clalegal.com
>lenbennett@clalegal.com
>Phone: 757-930-3660
>Fax: 757-930-3662

>/s/ Rachel Elsby_____
>Rachel Jane Elsby (VSB #81389)
>BUCHANAN INGERSOLL & ROONEY, PC
>1737 King Street, Suite 500
>Alexandria, Virginia 22314-2727
>Telephone: 703-299-6927
>Facsimile: 703-836-2021
>rachel.elsby@bipc.com

>*Counsel for Defendant BMW of NA, LLC*