IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| KAREN WHITE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 3:12CV115-MHL |
| | ) |
| | ) |
| BMW of NORTH AMERICA, LLC, | ) |
| | ) |
| Defendant. | |

**PLAINTIFF'S REPLY IN SUPPORT OF HER
MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff, Karen White, and in Reply to Defendant's opposition to her Motion for Summary Judgment, she states as follows:

**OVERVIEW**

This is a simple case. Objectively, the legal and factual elements and issues can be characterized as follows:

a. Plaintiff purchased a new BMW automobile.
b. It was then in the shop for a series and variety of problems.
c. Ms. White contends that her use of the car was "significantly impaired."
d. If she is correct, then BMW has to purchase the vehicle back from her under Virginia's Lemon Law unless the impairment of use was caused by her own misuse.
e. A consumer can establish that a vehicle was significantly impaired by providing valuation evidence in the same manner she would do so under the Uniform Commercial Code. However, the Lemon Law provides an alternate path that is really the point of any state's Lemon Law: if the consumer proves that one of three conditions are met, significant impairment is legally presumed.
f. Two of those presumption triggers are alleged in this case: that the vehicle suffered the same defect three or more times and that the vehicle was out of service (for any defect reason) at least 30 days.

      g.      BMW argues that it can overcome this presumption because the value of the car is not in reality significantly reduced.

      h.      BMW also alleges as its affirmative defense that the Plaintiff misused her vehicle by regularly (or at all?) using diesel gasoline that was "Low Sulpher" rather than the necessary "Ultra-Low Sulpher."

      i.      BMW now also asserts a statute of limitation defense because it contends that the Plaintiff failed to bring suit within 18 months of receiving delivery of the automobile.

Despite the failure of the case to settle, really most of these issues and elements will be uncontested. The point of Plaintiff's summary judgment motion was to highlight for the Court the lack of material dispute on most issues, and all material facts. And of course, Defendant's lack of evidence to support the remaining issues it claims as contested. This case is a poster-child for Summary Judgment. That it has not settled provides an effective contrast with the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*, cases with which the Court is more familiar from present counsel. FCRA cases have an unliquidated upside for a Plaintiff. Low threshold soft-actuals and uncapped punitive damages incentivize a defendant to cooperate and work to a mediated outcome. But in a case like this one, BMW has no uncapped incentive to settle. The Summary Judgment opposition and lack of real involvement in the case by BMW is offered as a procedural impediment rather than a merits-based disagreement on the facts. BMW has nothing to lose, but a linear amount of a consumer's attorneys fees.

      Plaintiff does not make this motion and personal argument herein lightly. There REALLY is not a dispute. An internal communication within Defendant's business records – only revealed after discovery closed in August include the following glaring admission. As of November 22, 2010 BMW's internal history reflects a note created by employee Kate Robison which states "Cust stts veh has been in every month for engine issues; stts veh is a "lemon" stts was adv by dir to call BMWNA about repurchase

2

because no one will buy veh due to service history." BMW service request detail, (Exhibit "A" at page 1 of 6). Ms. Robison noted "sw SM Chris, adv engine was replaced, confirmed 42 days down and all repairs in DCS, adv would support." (*Id.* at page 2 of 6). On the next day, after several internal communications to determine the number of days BMW believed the vehicle out of service for repair, Ms. Robison concluded that as of November 30, 2010, the number of "Days Down: 72 plus 14 so far on current visit" and "**Casey BMW Service Manager Chris Culp confirmed 72 days down (30 just for the engine replacement), plus an additional 14 days so far on the current visit**. Chris also confirmed all repairs in DCS." (*Id.* at page 3 of 6) (emphasis added).

BMW does not truthfully and genuinely contest that the Plaintiff is entitled to the Lemon Law presumption of significant impairment. It does not contest the Plaintiff's allegation of damage amount. And though it asserts various other defenses, it cannot actually prove one of them. Summary Judgment provides the way for a consumer such as Ms. White to end the delay and obstacle course attempted by BMW. It is proper.

## THERE ARE NO MATERIAL FACTS IN DISPUTE

Plaintiff offered a comprehensive list of material facts, which she contended were undisputed. She attached the various service records created by Defendant and its dealer agent. She supported her motion with admissible sworn testimony. In contrast, Defendant's response is limited to two basis. First, it often simply "Denies" Plaintiff's material fact as alleged either by simply stating, "Denied" (as if a Rule 56 motion was analogous to Requests for Admission) or alternately by offering its unsupported (unevidenced, if that's a word) contention to explain the denial. Or second, BMW relies generally upon Exhibit "A" to its opposition, a purported letter, email or report from its

3

in-house employee Brian Sime addressed to Anne Burris, BMW's defense attorney. The document is unsigned, not under oath, replete with Hearsay or Double-Hearsay, and based on documents never before disclosed to Plaintiff or her counsel.

Rule 56(c) requires that, "A party asserting that a fact … is genuinely disputed must support the assertion by … citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Importantly, a party's material used to dispute a fact must be "presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2).

Plaintiff thus objects pursuant to Rule 56(c)(2) to Defendant's use of the "Exhibit 'A'" correspondence or draft report by Brian Sime. It entirely fails to comply with Rule 56(c) as the report is inadmissible hearsay, unsigned and unsworn. Further, its content is derived from documents not themselves admissible as they were never before disclosed or produced pursuant to Rule 26(a)(1). Affidavits and other documents submitted for a motion for summary judgment must include evidence that would be admissible at trial in the form offered. *Evans v. Technologies Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir.1996). *See also, U.S. v. One Harrington and Richardson Rifle, Model M-14, 7.62 Caliber*, 378 F.3d 533, 534 (6th Cir. 2004); *Wiley v. U.S.*, 20 F.3d 222, 225-226 (6th Cir. 1994). The evidence may not be based upon hearsay. *Maryland Highways Contractors Ass'n v. Maryland*, 933 F.2d 1246, 1252 (4th Cir. 1990), *cert. denied*, 502 U.S. 939, 112 S.Ct. 373, 116 L.Ed.2d 325 (1991); *Pfingston v. Ronan Engineering Co.*, 284 F.3d 999 (9th Cir. 2002).

4

Summary judgment evidence may not be predicated upon an affidavit that is defective under Rule 56. *Catawba Indian Tribe of South Carolina v. South Carolina*, 978 F.2d 1334, 1342-43 (4th Cir.1992). When an affidavit fails to meet the requirements of Rule 56, the Court may strike the affidavit and disregard it for purposes of a dispositive motion. *DePinto v. Provident Sec. Life Ins. Co.*, 374 F.2d 50, 55 (9th Cir. 1967) (Evidentiary affidavits filed in connection with motions for summary judgment must be made on personal knowledge, and hearsay testimony and opinion testimony that would not be admissible at trial may not properly be set forth in affidavit); *Paramount Pest Control Service v. U.S.*, 304 F.2d 115, 116 (9th 1962) (It is incumbent upon court to determine whether proffered proof in affidavit in support of or in opposition to a motion for summary judgment would be admissible in evidence, and if it clearly infringes upon parol evidence rule, the affidavits must be rejected.). 'An affidavit that does not satisfy the requirements of Rule 56(e) is subject to a motion to strike.' " *Reddy v. Good Samaritan Hosp. & Health Ctr.*, 137 F.Supp.2d 948, 954 (S.D.Ohio 2000).

In responding to many of the Plaintiff's material facts, BMW admits that partial summary judgment would be appropriate. This is true for ¶¶ 1-4, in which Defendant agrees that (1.) the Plaintiff is a citizen of the Commonwealth of Virginia and a "consumer" as defined in the Virginia Motor Vehicle Warranty Enforcement Act ("Lemon Law"), Va. Code Ann. §59.1-207.11; (2.) BMW does business in Virginia as a motor vehicle manufacturer as defined in Va. Code Ann. §59.1-207.11; (3.) on or about May 29, 2009, the Plaintiff purchased from Defendant, BMW's authorized dealer a new 2009 BMW/3 Series/335d, VIN number WBAPN73569A265980 (hereinafter the

5

"automobile"); and (4.) that Ms. White's automobile was sold by BMW with a "New Passenger Vehicle Limited Warranty."1

Defendant does attempt a number of disputes to Plaintiff's list of facts related to the numerous attempts she made to have her automobile repaired. However, BMW's resistance is not sufficient under Rule 56(c). It does not challenge Ms. White's sworn and detailed affidavit. (Exhibit "A" to Plaintiff's Summary Judgment Memorandum.) In fact, it never mentions it. And it fairly if at all explains the factual basis for the counter-claim it offers as to particular facts. However, for the purpose of this motion, Defendant does not materially dispute the stated facts, even if its unsupported explanations to each of Plaintiff's paragraphs were admissible or proper. All that matters for the motion are: whether or not the automobile was out of service for repair at least 30 days and/or out of service on three or more occasions for the same problem. So, for example, when Defendant contests the number of days the vehicle was out of service in 2009 (¶ 5), it concedes that the vehicle WAS out for at least five (5) days. As detailed above, Defendant's own records acknowledged over 80 days out of service just through November, 2010. (Exhibit "A"). In addition, as established in Plaintiff's opening memorandum and supporting materials, the vehicle was out of service on numerous occasions in 2011. 2

---

1 Defendant disputes Plaintiff's language used to state that her automobile was purchased with a BMW warranty. This distinction is immaterial to this motion or Ms. White's Lemon Law claim.

2 While unnecessary for the present motion, the Court should know that even while this memorandum is being drafted, Mrs. White has again reported that her service light remains on and will again require service.

6

Still, Defendant does not dispute that Ms. White had already sought repair of the vehicle by September 200, or at the latest by November 2009, and the vehicle had been in for repair for well over 30 days, even if Defendant's unsupported assertions in its brief that the various repairs made under warranty were part of BMW's "regular maintenance service." Plaintiff does not again repeat the very detailed and evidenced facts stated in her Memorandum and detailed further in her supporting affidavit. BMW's disputes are improper and inadequate under Rule 56 and Local Rule 56. And, by the merits, they are plainly immaterial to the core questions before the Court. Reducing a service visit from two days to one, or finding that replacing headlights that continue to prematurely burn out will not change the reality that the Plaintiff's automobile was out of service for well more than twice as long as provided under the Lemon Law and was repaired for the same set of problems on more than three occasions.

Defendant does not actually, or certainly does not properly, dispute that "the full sales price of the motor vehicle was $64,956.70." Instead it simply states the word "Denied" and ignores the substance and evidence identified in ¶ 27 of Plaintiff's Memorandum. Defendant offers even less in asserting an unsupported "Denied" in response to Ms. White's supported evidence of her incidental and collateral damages, recoverable under the Lemon Law. (¶ 28). Thus, Ms. White has established for all purposes and certainly for Partial Summary judgment that a "buy back" remedy under the Lemon Law would be for judgment in the amount of $ 73,580.74. (The total recovery based upon Plaintiff's stipulation that she would forgo unliquidated damages for a summary judgment disposition).

While BMW now asserts that it was not put on notice of the Plaintiff's repair demands, it ignores the sworn testimony and obvious documentary evidence provided by the Plaintiff in support of her motion. (¶ 29).

Plaintiff accurately recounts her contact to the Better Business Bureau after this case was filed. Yet Defendant disputes same. Plaintiff's statement of fact is supported by the documents and Ms. White's affidavit, but it is also immaterial to the actual controversies in this motion and this case. (¶ 30).

Defendant challenges Plaintiff's use of the expert witness report of Randy Baker. (¶ 31). Its challenges are the subject of its separate motion. But the report seems unnecessary for this motion. Defendant has not offered any admissible evidence of its own and the documents that are before the Court – agreed service documents – evidence that Ms. White has satisfied the Lemon Law sufficient impairment presumption thresholds.

Beyond what is in Plaintiff's motion and undisputed, it is important to understand what is not in Defendant's response. BMW offers no admissible evidence, let alone evidence in response to Plaintiff's statement of facts, to support the "the vehicle was a lemon because you may used the wrong gasoline sulfur type" defense BMW's attorneys have manufactured for use at trial. Defendant cannot assert such an affirmative defense without evidence and without such a defense, Plaintiff's Lemon Law presumption remains unrebutted.

**ARGUMENT**

**I.      BMW's STATUTE OF LIMITATIONS DEFENSE IS INAPPLICABLE.**

8

As Defendant explains, Virginia's Motor Vehicle Warranty Enforcement Act, has a period of limitations that runs 18 months from the date the automobile is first sold and delivered. That date, according to BMW, was May 29, 2009. (Def. Mem. at 6). Thus, Defendant asserts a statute of limitations defense because the Complaint in this federal action was not filed until February 14, 2012.

But this is again evidence that BMW's lead counsel in this case, working from and in New Jersey, has little understanding of either Virginia procedure or Virginia law. BMW 's counsel is aware of the previous filing of this action in state court. Ms. White's lawsuit was filed on November 29, 2010, just six months after delivery and well within the 18-month limitations period. That case then remained pending until voluntarily Nonsuited on October 12, 2011. (Virginia Court Case Information Screen-print, Exhibit "B"). A copy of the Non-suit Order and the original filing receipt are attached hereto as Exhibit "C " and "D". And of course, Va. Code § 8.01-229(E)(3) provides:

> If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01-380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation period as provided by subdivision B 1, whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court, and shall apply to all actions irrespective of whether they arise under common law or statute.

*Id*.

Accordingly, as the present action was first brought within the Lemon Law's period of limitations, and then refiled in this Court within six (6) months of the October 12, 2011 nonsuit, there is no basis for BMW's first basis opposing summary judgment.

9

**II. BMW HAS FAILED TO ESTABLISH ANY MATERIAL FACTUAL DISPUTE THAT MS. WHITE HAS MET THE "30 DAYS" AND "3 OR MORE" PRESEUMPTION THRESHOLDS**

Defendant's only other argument in opposition to Plaintiff's motion is its claim that it remains unresolved as to whether or not Ms. White's use of the automobile was "significantly impaired" (or whether its value and safety was impaired). However, Plaintiff's summary judgment evidence remains undisputed, while BMW's assertion of a rebuttal to the Lemon Law presumption remains entirely unsupported by the record.

As adequately outlined in Plaintiff's opening memorandum, the Lemon Law's presumption of significant impairment is met when:

> B. It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any warranty and that the motor vehicle is significantly impaired if during the period of eighteen months following the date of original delivery of the motor vehicle to the consumer either:
>
> 1. The same nonconformity has been subject to repair three or more times by the manufacturer, its agents or its authorized dealers and the same nonconformity continues to exist;
>
> 2. The nonconformity is a serious safety defect and has been subject to repair one or more times by the manufacturer, its agent or its authorized dealer and the same nonconformity continues to exist; or
>
> 3. The motor vehicle is out of service due to repair for a cumulative total of thirty calendar days, unless such repairs could not be performed because of conditions beyond the control of the manufacturer, its agents or authorized dealers, including war, invasion, strike, fire, flood or other natural disasters.

Va. Code Ann. § 59.1-207.13(B)(1)-(3). Defendant's opposition does not challenge the applicability of this presumption. Not in its attempted response to Plaintiff's facts and not in the Argument section of its brief. Instead, its argument is an attempt to rebut that presumption. As BMW agrees, "It is an affirmative defense under the Lemon Law that an alleged nonconformity does not significantly impair the use, market value or safety of

the motor vehicle; or a nonconformity is the result of abuse, neglect or unauthorized modification or alteration of a motor vehicle by a consumer." (Def. Mem. at 9, citing Va. Code § 59.1-207.11). And yet, beyond the objectionable "Exhibit 'A' " in its opposition, BMW offers absolutely no evidence to prove its affirmative defense to rebut Plaintiff's Lemon Law presumption. The car was a BMW. And it was out of service for months during the initial year and a half of ownership. The statute is designed for just such a circumstance – so that a consumer need not suffer through a manufacturer's demands that she do more than establish the statutory thresholds for impairment.

## CONCLUSION

For the reasons stated in her opening Memorandum and in this Reply, Plaintiff asks the Court to enter Summary Judgment as demanded.

KAREN WHITE,

_____/s/_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@clalegal.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2012, I electronically filed the foregoing via the CM/ECF System, which will notify the following counsel of record:

**Christopher James Dalton**
Buchanan Ingersoll & Rooney PC (NA-NJ)
550 Broad Street
Suite 810
Newark, NJ 07102

**Rachel Jane Elsby**
Buchanan Ingersoll & Rooney PC (VA)
1737 King St
Suite 500
Alexandria, VA 22314-2727

**Rosemary Joan Bruno**
Buchanan Ingersoll & Rooney PC (NA-NJ)
550 Broad Street
Suite 810
Newark, NJ 07102

**Anne Burris**
Buchanan Ingersoll & Rooney PC (NA-NJ)
550 Broad Street
Suite 810
Newark, NJ 07102

**James DeRose**
Buchanan Ingersoll & Rooney PC (NA-NJ)
550 Broad Street
Suite 810
Newark, NJ 07102

          /s/
_____
Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Boulevard, Suite 1-A
Newport News, VA 23601
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@clalegal.com