IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **KAREN WHITE,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 3:12CV115-MHL |
| ) | |
| ) | |
| **BMW of NORTH AMERICA, LLC,** ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION
IN LIMINE TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF
RANDY S. BAKER, SR.**

The Defendant has moved to exclude the Plaintiff's expert report and testimony based on the content of the expert's report. The Plaintiff has satisfied the requirements of Fed. R. Civ. P. 26(a)(2) and (e)(2). Because the Defendant attacks the adequacy of the Plaintiff's expert as a witness, the court should deny the motion or order *voir dire* in order to determine whether the witness is adequate. The Defendant did not avail itself of the discovery mechanisms under the Federal Rules of Civil Procedure to serve the Plaintiff's expert with a deposition notice or serve a subpoena *duces tecum*.

**I.      The Proper Procedure by which to Evaluate the Admissibility of the Expert Testimony is for the Court to Hold a Hearing Outside the Presence of the Jury**

The Defendant now attacks the Plaintiff's expert based on Fed. R. Evid. 702, which governs expert testimony evidence admissible in federal proceedings. The evidence is the testimony of the expert, not his report. If the court finds that it must gather additional evidence in order to exercise its gatekeeping function, a *Daubert*

1

hearing should be ordered, as the district court in *Harper v. Public Serv. Comm'n of West Virginia* explained:

> In *Kumho Tire*, the United States Supreme Court stated that "the trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire*, 526 U.S. at 152. Likewise, "[t]he trial court must have the same kind of latitude in deciding *how* to test an expert's reliability, and to decide whether or when special briefing or other proceedings are needed to investigate reliability, as it enjoys when it decides *whether or not* that expert's relevant testimony is reliable." *Id*. "[C]onducting a voir dire hearing in limine has become an accepted practice in the federal courts when an opposing party raises a material dispute as to the admissibility of expert scientific evidence." *Hall v. Eklof Marine Corp*., 339 F.Supp.2d 369, 381 (D. R.I.2004). As the court in *Hall* explained "the ultimate purpose of a *Daubert* inquiry is to determine whether the expert's testimony will aid the jury in resolving a disputed issue." *Id*. (citing *Cipollone v. Yale Indus. Prod., Inc*., 202 F.3d 376, 380 (1st Cir. 2000)). As such, the court refused to make evidentiary rulings on the admissibility of proffered expert testimony in a vacuum and without the benefit of the expert's testimony or that of any expert offered to oppose it. A Rule 104(a) evidentiary hearing is the proper vehicle to evaluate the admissibility of a plaintiff's proffered expert testimony. *Id*. (citations omitted); *see also* Manual for Complex Litigation (Fourth) § 23.352 (2004) ("On balance, the best approach is to require that challenges to expert testimony be made during pretrial proceedings, either at the close of expert discovery or through in limine or other motion immediately prior to trial."); Reference Manual on Scientific Evidence (Second) pp. 53-54 (2000) ("motions in limine under Federal Rule of Evidence 104(a) have gained new importance in implementing the court's gatekeeping role" and "[s]ummary judgment motions will therefore frequently be combined with Federal Rule of Evidence 104(a) motions in limine").
>
> In light of the above, the court finds that Plaintiffs' Motion is premature, and, as a result, will be denied without prejudice. Plaintiffs have leave to file a motion pursuant to Rule 104(b) of the Federal Rules of Evidence at the time they file any motion for summary judgment. In the meantime, the court anticipates that any depositions of experts will go forward.

Civil No. 2:02cv516, 2005 WL 6011240, at * 1-2 (S.D.W.Va. Oct. 19, 2005).

Here, the only basis for Defendant's motion to exclude the expert is the report itself, which does not have the same requirements as *Daubert* and *Kumho Tire* for the admissibility of expert testimony. In this case, the determination of whether the expert testimony is admissible should be made pursuant to Fed. R. Evid. 702, 104(a) and (c), by conducting a hearing outside the presence of the jury.

**II.     The Plaintiff has Complied with Fed. R. Civ. P. 26(a)(2) & (e)(2).**

Fed. R. Civ. P. 26(a)(2) and 26(e)(2) govern the disclosure of expert witnesses and their reports during the discovery period. In order to be in compliance,

> A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Fed. R. Evid. 702, 703 or 705. (b) Witnesses Who Must Provide a Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report prepared and signed by the witness – if the witness is one retained to specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (1) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) the witness's qualifications including a list of all publications authored in the previous10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case.

Like other disclosures, parties are also required to supplement the expert disclosure under Fed. R. Civ. P. 26(e)(2). In this case, the Plaintiff's expert, Randy Baker, has provided a written report and timely supplemented it under the Rules. The Defendant doesn't attack the report under Fed. R. Civ. P. 26, but instead moves to exclude it under Fed. R. Evid. 702.

The Defendant has moved to exclude the testimony of Plaintiff's expert because the expert report

> does not offer any insight or scientific or technical explanation for concerns experienced by plaintiff. He does not offer any detail as to the concerns which she experience and how they are related to an alleged defect in the vehicle. He fails to even mention that the concerns were attributed to the type of fuel plaintiff used. Nor, in setting out his diminution in value figure, does he note that the vehicle has exceedingly high mileage for a vehicle of its age and also was involved in an accident which damaged the frame of the vehicle.

3

Def.'s Motion in Limine, at 3 (Docket No. 57). The Defendant does not cite a single Fourth Circuit or other cognizable authority that supports its argument that an expert can be excluded based on the expert report alone, especially when the Defendant has not availed itself of discovery under the Federal Rules or demonstrated that the report fails to comply with Rule 26. The cases that the Defendants cites generally involve more than the bare expert report, they involve a more developed record including deposition testimony, *voir dire*, and affidavits.

      The Defendant wants to read a more detailed expert witness report, but does not cite a single section of Rule 26(a)(2)(B) that (a) requires a more detailed expert report, or that (b) permits exclusion of an expert under the Rules of Evidence when the report is otherwise compliant with Rule 26. Instead, they move for relief under Fed. R. Evid. 702, which requires the court to make a determination to exclude an expert only upon considering several factors, which in this case will require taking evidence. This is for good reason, the Plaintiff will not be introducing an expert's *report* at trial because the expert himself will be called as a witness to testify. In this case, the witness has the education, experience and expertise to testify that the automobile in this case meets the definition of a "lemon" under the Virginia Warranty Enforcement Act. The witness is also qualified to testify about the diminution in value based on the excessive repair history based on the service records.

      The expert report is written by an individual who has been qualified as an expert in many other courts on this very same subject matter. His testimony has never been excluded. While the report admittedly lacks the polish that one might expect from an individual in an academic or scientific discipline who is accustomed to writing peer-reviewed white papers, this court has recognized that a person whose expertise may be in

auto mechanics is not necessarily skilled in report writing under the Federal Rules of Civil Procedure. As the Advisory Committee noted, in such a case the attorneys often are able to assist in crafting the report while maintaining the requirement that the expert prepare his own report, this court observed:

> Unquestionably, Rule 26 requires an expert witness to prepare his own Rule 26 Report. The Advisory Committee Notes accompanying this rule clarify the intended meaning of the phrase "prepared and signed by the witness," explaining that a report can be "prepared" by an expert witness even if counsel has aided the witness in preparing an expert's report. Specifically, the Advisory Committee Notes provide that:
> Rule 26(a)(2)(B) does not preclude counsel from providing assistance to experts in preparing the reports, and indeed, with experts such as automobile mechanics, this assistance may be needed. Nevertheless, the report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and it must be signed by the witness. Rule 26, Advisory Committee Notes; *see also* 8 Charles A. Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure: Civ.2d* § 2031.1 (2nd ed.1994 & Supp.1999) (the Advisory Committee Notes to Rule 26 indicate that "it is expected that counsel may assist some witnesses" in preparing their reports). Though the Advisory Committee Notes offer some guidance, uncertainty remains as to acceptable level of involvement that counsel or others may have in the preparation of the expert report.
> Recent cases have helped to clarify this issue. In *Marek v. Moore,* 171 F.R.D. 298 (D.Kan. 1997), an expert had submitted a report to counsel who had engaged him. The lawyers made authorized revisions, fleshing out certain parts of the report, and then submitted the revised, unsigned version to opposing counsel as their expert's rule 26(a)(2)(B) report. *Marek,* 171 F.R.D. at 300. The *Marek* expert stated in his deposition that he had not prepared the final report, and opposing counsel moved to strike the expert report under Rule 37(c)(1). The court declined to strike the report, stating that:
> [u]nlike the attorney, the expert witness more likely preoccupies himself with his profession or field of expertise. He may have little appreciation or none whatsoever for Rule 26 and its exacting requirements for a legally 'complete' report of the expert opinions, including all the 'data or other information'; and designating all supporting exhibits.
> *Marek,* 171 F.R.D. at 301. The court continued:
> To help ensure complete disclosure of the required information, counsel ordinarily should supervise preparation of the expert's witness report. Such assistance is permitted, though the report should be written in a manner that reflects the testimony to be given by the expert witness and must be signed by the expert. *Marek,* 171 F.R.D. at 301 (quoting William W. Schwarzer, *et al., Civil Discovery and Mandatory Disclosure: A Guide to Efficient Practice* § 1[b][3] (2nd ed.1994)).

*Trigon Ins. Co. v. U.S.*, 204 F.R.D. 277, 291-92 (E.D.Va. 2001). In this case, except for communications from Plaintiff's attorneys setting forth the requirements of the rules, the expert prepared and signed his own report without the assistance of any of the attorneys.

5

Under the discovery rules, the Defendant had every right and opportunity to serve a deposition notice and/or a subpoena *duces tecum* upon the Plaintiff's expert to obtain the more detailed analysis it desires. However, it did not seek any information at all from Plaintiff's expert. Indeed, the Defendant had every opportunity and right to inspect the vehicle itself, yet it did not. Defendant's expert did not even inspect the vehicle.

The Defendant's specific arguments are (1) the expert's report doesn't adequately analyze that a manufacturing defect existed in the vehicle; (2) he failed to "entirely support his opinion with any reliable evidence that the vehicle suffered from a defect at the time it left the defendants custody and control; (3) he makes no mention of high mileage; (4) he does not offer any detail as to any testing he performed on the car; (4) his inspection of the vehicle "was nothing more than any layman could do"; and (5) he did not take into account the vehicle had been in an accident when he determined the diminution in value. Def.'s Motion in Limine at 6, 8.

Here, the Plaintiff's expert provided a written report of his opinion that the service history during the relevant 18-month period demonstrated that the vehicle had a significant impairment due to the number of times it had required service for the same or similar defects and the number of days the vehicle had been out of service. He based his opinion on the actual records from Casey BMW.

The Defendant has not cited a single statute, case or other binding authority that demonstrates that any of the additional factors it complains of are required to be analyzed in a Virginia Lemon Law case. The Defendant's brief is extremely misleading by putting forth arguments that have nothing to do with the presumptive liability under the Virginia Lemon Law as if it were the same as a products liability or design defect case.

In fact, in a Virginia Lemon Law Case, the Plaintiff must only prove that the use or market value of the BMW she purchased is significantly impaired. She has competent evidence that both the use and market value are significantly impaired by the car's maintenance history alone. Where a Plaintiff demonstrates significant impairment, there is a statutory presumption that the consumer is entitled to the remedies provided in the statute. Va. Code Ann. § 59.1-207.9; § 59.1-207.13(B)(1)-(3).

The presumption of significant impairment is met "if during the period of eighteen months following the date of original delivery of the motor vehicle to the consumer either" :

> 1. The same nonconformity has been subject to repair three or more times by the manufacturer, its agents or its authorized dealers and the same nonconformity continues to exist;
>
> 2. The nonconformity is a serious safety defect and has been subject to repair one or more times by the manufacturer, its agent or its authorized dealer and the same nonconformity continues to exist; or
>
> 3. The motor vehicle is out of service due to repair for a cumulative total of thirty calendar days, unless such repairs could not be performed because of conditions beyond the control of the manufacturer, its agents or authorized dealers, including war, invasion, strike, fire, flood or other natural disasters.

Va. Code Ann. § 59.1-207.13(B)(1)-(3).

With respect to the Lemon Law claim, the Plaintiff need only demonstrate one of these three factors to establish the presumption, but she has established all three. Nowhere in the statute is there any requirement that a Plaintiff prove a manufacturing defect, the vehicle's condition when it was delivered to the Plaintiff, the vehicle's mileage, the requirement of any inspection or the condition of the car at any time after the 18-month period.

Yet, the Defendant argues that the "shallow analysis is nothing more than a parroting of plaintiff's unproven claims" and that the expert should be excluded because of his "subjective belief and unsupported speculation regarding the causal link in this case." Def.'s Motion in Limine at 8. The Defendant's argument should be ignored on the simple basis that while the expert's report is supposed to set forth the substance of what the testimony will be, not a detailed analysis. The Plaintiff is not required to prove her case prior to a trial on the merits, and specifically is not required to prove her case twice. *Trigon Ins. Co. v. U.S.*, 204 F.R.D. at 291-92.

With respect to the Lemon Law claim, causation is not an element under the statute. It is well established that an expert such as a well-qualified automotive expert like Mr. Baker in this case, does not necessarily possess the expertise to testify about all aspects of motor vehicle design unless he has the specific knowledge about such an area. Although he could testify as to causation based on his expertise, his review of the service history, and his inspection of the vehicle, Mr. Baker will not be testifying about any subject matter outside his area of expertise.

To prove the Lemon Law claim, the areas of expertise and analysis that the Defendant complains to be lacking are not required by Rule 26, the Virginia Lemon Law or *Daubert*. Just as an expert should not testify about subject matter outside his expertise, he should not be put to a *Daubert* test on matters that do not go to any claim or defense.

With respect to the Magnusson-Moss Warranty Act claim, again the Defendant complains that the Plaintiff has not proven causation for breach of warranty. The Defendant cites *Evans v. Gen'l Motors Corp.*, 459 F.Supp. 2d 407 (D.Md. 2006), for the proposition that the expert opinion must be excluded when his deposition testimony and

8

affidavit provided no evidence that the vehicle in question suffered a defect. However, the Defendant fails to candidly disclose to the court the true facts and legal conclusions in *Evans*. In fact, *Evans* was decided in summary judgment under Rule 56 after the full record was developed.

The *Evans* court did not exclude the expert in a *motion in limine* under Fed. R. Evid. 702 or based on a Rule 26 expert disclosure, but only after considering the fully developed record in a case where the experts inspected the vehicle and provided testamentary evidence upon direct and cross examination, depositions and affidavits. *Id.* In this case, there is no deposition testimony because the Defendant did not notice any depositions. There are no tests, experiments or studies, because this is not a case that requires any such experimentation in order for the Expert to testify about discrete elements either of the Lemon Law claim or the MMWA breach of warranty.[1]

If the Plaintiff is required to demonstrate that the vehicle was defective when delivered, and that the defect was the cause of her damages, she may do so by circumstantial evidence.

To prove that there was a defect in the vehicle attributable to the Defendant:

> Circumstantial evidence alone can be used to prove products liability, *Wilder v. Toyota Motor Sales, U.S.A., Inc.*, 23 F. App'x 155, 2001 WL 1602043, at *2 (4th Cir. 2001) (unpublished), and evidence that establishes that the result is a "probability rather than a mere possibility" can demonstrate a breach of warranty. *S. States Coop. v. Dogett*, 223 Va. 650, 292 S.E.2d 331, 335 (Va.1982). Generally, the question of whether a product is unreasonably dangerous is a question of fact. *Hall*, 2007 WL 2965054, at *3 (citing *Morgen Indus. v. Vaughan*, 252 Va. 60, 471 S.E.2d 489, 492 (Va.1996)).

---

[1] The Defendant cites *Evans* for the Fourth Circuit's 1989 ruling in *Carlson v. Gen'l Motors Corp.*, 883 F.2d 287, reasoning that the warranty of merchantability and fitness for a particular purpose encompasses providing safe and reliable transportation, while rejecting as damages the diminished value for resale of a vehicle under MMWA. Clearly, diminution of value is recoverable under the Virginia Lemon Law, properly pled in this case.

*Sprouse v. Am. Tire Distributors, Inc.,* Civil No. 3:08CV491, 2009 WL 1404735, at *4 (E.D.Va. May 15, 2009). This standard does not require expert testimony. However, where an expert can reliably testify that a defect existed in the vehicle when delivered by eliminating other reasonable possibilities, he may do so as long as it is both reliable and helpful to the court.

### III. The Court Should Hold a Daubert Hearing Outside the Presence of the Jury to Determine Whether the Plaintiff's Expert is Qualified

While the court is not required to hold a *Daubert* hearing, where an expert's report is not clear and his expertise is objected-to, the court should hold a *Daubert* hearing in order to obtain a fuller assessment of the expert's qualifications and process rather than exclude the expert where the record may not contain information that would assist the court in its gatekeeping function. *Robinson v. Freightliner LLC*, 2010 WL 887372, No. 08CV761 (M.D. Pa. March 10, 2010). In this case, Mr. Baker's opinion is based on the non-controversial service records and his inspection of the vehicle. There is no requirement that the expert's report be a Ph.D.-level dissertation, but to the extent that the court has any questions as to the reliability or the helpfulness of the expert testimony of Mr. Baker, it should hold a hearing. *Trigon Ins. Co. v. U.S.*, 204 F.R.D. at 291-92; *Harper v. Public Serv. Comm'n of West Virginia*, 2005 WL 6011240, at * 1-2.

Rule 702 permits expert testimony to be admitted at trial on all manner of topics, as long as the testimony is reliable based on these factors:

> (1) the testimony is based upon sufficient facts or data, (2) the testimony is a product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case.

These factors embody the decision of the U.S. Supreme Court in *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); *accord Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). *Daubert* established the principle that a trial judge

has the obligation to ensure that expert evidence is relevant and reliable before it is tendered to a jury. The relevance requirement is grounded in the part of Fed. R. Evid. 702, which requires that expert evidence must "assist the trier of fact to understand the evidence or to determine a fact in issue." In *Daubert*, the Court also explained that " 'an additional consideration under Rule 702—and another aspect of relevancy—is whether expert testimony proffered in the case is *sufficiently tied to the facts of the case* that it will *aid the jury* in resolving a factual dispute.' " *Daubert*, 509 U.S. at 591(quoting *United States v. Downing,* 753 F.2d 1224, 1242 (3d Cir.1985)) (emphasis added). Whether the proffered expert testimony conforms to the facts of the case and aids in resolving a factual dispute is known as "fit." *Id*. In this case, there is no requirement that the expert be qualified in the field of automotive engineering when no element of a claim requires such a qualification. There is not a single question in this case that requires an opinion "related to the design or operation of diesel engines." Def.'s Mem. at 11.

    *Daubert* established the need for expert testimony to be reliable, outlining several steps to aid in that inquiry where the testimony was scientific in nature. The steps are a guide and are flexible depending on the facts of the case, to ensure that he expert testimony will be both reliable and helpful in ascertaining the facts. The reliability-component is grounded in the part of Fed. R. Evid. 702 requiring an expert's testimony to pertain to scientific, technical or specialized knowledge. In exercising its gatekeeping function, a trial court must focus on the principles and methodology used by the expert, not on the validity of the expert's conclusions. *Id*. at 595. The trial court must also consider the applicability of all of the rules of evidence to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Id*. at 597. The Defendant's primary problem in its motion is that its points are irrelevant to the task at hand.

    In *Kumho Tire,* the Court clarified that its *Daubert* analysis applies not only to scientific evidence but also to technical or other specialized knowledge. 526 U.S. at 141.

11

Furthermore, in *Kumho Tire*, the Court quoted its decision in *General Elec. Co. v. Joiner*, 522 U.S. 136, 146, (1997), to reiterate that " 'nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert.' " *Id*. *Ipse dixit* means: "he himself said it" or "she herself said it" or "something asserted but not proved." *ePlus, Inc. v. Lawson Software, Inc.*, 764 F.Supp.2d 807, 812-13 (E.D.Va. 2011).

       The Defendant argues not only that Mr. Baker lacks qualification and that his opinion is not based on facts or data reasonably relied on by experts in the field, but also that Mr. Baker's opinion is *ipse dixit*. To the contrary, Mr. Baker clearly stated that he reviewed the vehicle's service records and performed an inspection. Based on the information he reviewed and gathered by way of inspection, he formed an opinion. The Rule 26 report is not the Expert Testimony, but a preview of such testimony. Because there is no testimony by Mr. Baker, any attack on his qualifications, method by which he arrived at his opinion and the opinion itself, and whether it is based upon a reliable foundation – the same foundation upon which Defendant's expert relies – and relevant to the task at hand, should be based on testimony that is subjected to both rigorous *voir dire* and cross-examination.

       Instead of a valid *Daubert* question, Defendant has raised what is readily recognizable as a classic fact dispute – which facts are relevant to the determination that this $65,000.00 BMW is a lemon based on its repair history, causing it to be in the shop for nearly three months. The court has reasoned,

> At most, Defendants have raised factual disputes. "When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony." *Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1392 (Fed.Cir.2003). The Advisory Committee note to Rule 702 instructs: When facts are in dispute, experts sometimes reach different conclusions based on competing versions of the facts. The emphasis in the amendment on "sufficient facts or data" is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other. "Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but

    admissible evidence." *Daubert,* 509 U.S. at 595. Accordingly,
    Defendants' motion will be denied.

*Galaxy Computer Servs., Inc. v. Baker*, 325 B.R. 544, 561 (E.D.Va. 2005). The Defendants want to focus on facts completely irrelevant to the elements of the claims that the Plaintiff must prove and that are also irrelevant to the BMW's defense. Defendants try to attack the Plaintiff's expert for properly ignoring irrelevant information in his report, such as the mileage and the type of fuel. There is not a shred of evidence that BMW can prove the Plaintiff used an improper type of diesel fuel, and it is improper for it to suggest that there is when it hasn't been disclosed to the Plaintiff. It is misleading for BMW to suggest that there is any evidence that anything other than BMW is responsible for the problems with the vehicle when it has developed absolutely no evidence to the contrary.

  Once there is an objection to the expert's testimony, it is the proponent of the expert testimony that bears the burden of establishing both reliability and helpfulness by a preponderance of the evidence, which can only be established pursuant to a hearing. *Md. Cas. Co. v. Therm-O-Disc. Inc.*, 137 F.3d 780, 783 (4th Cir. 1998). At this gatekeeping phase, the Plaintiff need not prove that the opinion of the expert is correct, she only need to produce evidence that the expert's opinion is reliable and will be helpful to the trier of fact. *Id*. The Plaintiff's expert offered two opinions: (1) that the car was a Lemon based on its "multi repair" history based on the documents provided by the vehicle owner; and (2) the car had a diminished value because of its excessive repair history. The Plaintiff's expert furnished a report under Rule 26. He based his opinion on the same repair history documents on which the Defendant's expert based his opinion. The witness included his qualifications, demonstrating education, experience and expertise not only in auto mechanics and collision, but of critical importance is his expertise in valuation and estimating:

 I have over 26 years of experience performing Technical Mechanical Inspections and Specialty appraisals

on automobiles, large trucks motorcycles and specialty equipment. Certifications/Training include: AMI Smart estimating, EZEst/CCC Collision estimating, UDM/NADA Advanced estimating, Audatex Auto Collision estimating, Mitchell Auto/Truck estimating, Chief StructuraVFrame/Unitized Body, I-CAR Collision 2000, I-CAR Body, Refinishing, I-CAR Structural, I-CAR Advanced Vehicle Systems/SRS-Air bag/Passive Restraint Systems, ASE. Etc. (Additional ongoing).

(Docket No. 65-1). With respect to the MMWA claim, as this court reasoned in *Sprouse*, whether there was a defect is a fact question, which fact can be established by circumstantial evidence. 2009 WL 1404735, at *4.

## CONCLUSION

The Defendant has failed to demonstrate that the Plaintiff's expert report or testimony should be excluded or that it could be excluded based on the pleadings and the current record. To the extent that there is any question as to the adequacy of the witness, the witness should be subjected to *voir dire* and available for cross-examination in order to determine whether the witness should be permitted to testify as an expert. For these reasons, the Plaintiff respectfully requests that the Defendant's Motion In Limine be denied. If the court finds that it is necessary to exercise its gatekeeping function, it should do so only after a hearing where evidence may be adduced.

          Respectfully Submitted,

          KAREN WHITE,
          For herself and on behalf of all
          similarly situated individuals.

          _____/s/_____
          Leonard A. Bennett, VSB #37523
          Susan M. Rotkis, VSB 40693
          CONSUMER LITIGATION ASSOCIATES, P.C.
          Attorney for Plaintiff
          763 J. Clyde Morris Boulevard, Suite 1-A
          Newport News, Virginia 23601
          (757) 930-3660 - Telephone
          (757) 930-3662 – Facsimile
          E-mail: lenbennett@clalegal.com
          E-mail: srotkis@clalegal.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th day of September, 2012, I will file the foregoing motion electronically using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

**Christopher James Dalton**
Buchanan Ingersoll & Rooney PC (NA-NJ)
550 Broad Street
Suite 810
Newark, NJ 07102

**Rachel Jane Elsby**
Buchanan Ingersoll & Rooney PC (VA)
1737 King St
Suite 500
Alexandria, VA 22314-2727

**Rosemary Joan Bruno**
Buchanan Ingersoll & Rooney PC (NA-NJ)
550 Broad Street
Suite 810
Newark, NJ 07102

**Anne Burris**
Buchanan Ingersoll & Rooney PC (NA-NJ)
550 Broad Street
Suite 810
Newark, NJ 07102

**James DeRose**
Buchanan Ingersoll & Rooney PC (NA-NJ)
550 Broad Street
Suite 810
Newark, NJ 07102

                                                     /s/
                                      Susan M. Rotkis, VSB 40693
                                      CONSUMER LITIGATION ASSOCIATES, P.C.
                                      Attorney for Plaintiff
                                      763 J. Clyde Morris Boulevard, Suite 1-A
                                      Newport News, Virginia 23601
                                      E-mail: srotkis@clalegal.com