IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| Karen White, | : |
| Plaintiff, | : |
| v. | : CIVIL ACTION NO. 3:12-CV-00115-REP |
| BMW of North America, LLC, | : |
| Defendant. | : |

**DEFENDANT'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF RANDY S. BAKER, SR.**

**I.  ARGUMENT**

   **A.  PROCEDURE FOR EVALUATING ADMISSIBILITY OF EXPERT TESTIMONY**

Plaintiff states in her opposition that it is inappropriate to determine whether an expert's testimony is admissible by way of a motion *in limine*. In fact, the very case section which plaintiff cites, states: "On balance, the best approach is to require that challenges to expert testimony be made during pretrial proceedings, either at close of expert discovery or through in limine or other motion immediately prior to trial." *See Harper v. Public Serv. Comm'n of West Virginia*, 2005 WL 6011240 (S.D. W.Va., October 19, 2005), citing *Manual for Complex Litigation (fourth)*, §23.352 (2004).

Given the absolute lack of substantive content in Plaintiff's "expert report," there is no need to delve further into his findings or qualifications. Defendant's motion *in limine* is not only

appropriate, but is the preferred method for determining whether Plaintiff's expert should be allowed to testify.

### B. PLAINTIFF'S EXPERT REPORT MAKES CLEAR PLAINTIFF'S EXPERT CANNOT SURVIVE A *DAUBERT* CHALLENGE

Plaintiff points out that expert testimony at trial will be admitted as long as the testimony is reliable based upon the following factors: (1) the testimony is based upon sufficient facts or data; (2) the testimony is a product of reliable principles and methods; and (3) the witness has applied the principles and methods reliably to the facts of the case. Mr. Baker cannot meet any of these criteria.

There is nothing in the report or in Plaintiff's opposition memorandum that demonstrates how Mr. Baker's opinions are the product of any reliable principles or methods. Rather, his report amounts to a *res ipsa* argument: the vehicle was in the repair shop a certain number of times and had an engine replacement and, therefore, the vehicle is a Lemon. He bases this solely on a review of repair orders. He did not observe any issues for himself, did not perform any tests on the vehicle fuel to show that the engine concerns were not, as noted in those repair orders, a result of Plaintiff using the improper fuel. In fact, Mr. Baker did not perform any tests at all on the subject vehicle, did not drive the vehicle, and does not offer any specific response to anything he read or observed in the repair documents. It is clear there are tests available in the industry to test fuel content, to test engine operation, to review codes that might be present in a vehicle and to make a specific determination as to what, if any, defect is present in a vehicle. Mr. Baker simply did not bother to do any of this. There is nothing in this report that is anything other than a subjective opinion, based upon insufficient facts or data, which simply cannot survive a *Daubert* analysis.

Mr. Baker failed to provide any analysis of the service performed on the vehicle. Nowhere in the report does he explain what work was done or whether there were any suggestions that outside influence was a factor. He does not mention that the vehicle was involved in an accident where some $4,000 worth of damage was done. In fact, if one were to read the report without the benefit of seeing the vehicle identification number printed at the top, it would be impossible to know what the report was meant to be about or what claims of defect were being made.

Neither Mr. Baker nor Plaintiff's counsel, in their opposition memorandum, has demonstrated how Mr. Baker's opinions are the product of any scientific method. It would be impossible for BMW NA to refute Mr. Baker's subject testimony that the car is a Lemon because it had repairs, without any hint as to the defect he claims was present in the vehicle. It is unclear from Mr. Baker's report and, again, from Plaintiff's opposition to the present motion, that Mr. Baker's expertise permits him to draw any conclusions that would be different from those any layperson might draw.

Nothing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion testimony which is connected to existing data only by the *ipse dixit* of the expert. The Supreme Court has specifically authorized district courts to make the assessment that there is simply too great of an analytical gap between the data and the opinion offered. *See General Electric Co. v. Joiner*, 522 U.S. 136, 146 (1997); *Lithuanian Commerce Corp., Ltd. v. Sara Lee Hosiery*, 179 F.R.D. 450, 455 (D.N.J. 1998); *Magistrini v. One Hour Martinizing Dry Cleaning*, 180 F. Supp. 2d 584, 594 (D.N.J. 2002) (noting that an expert cannot unjustifiably extrapolate from an accepted premise to an unfounded conclusion).

Plaintiff's opposition memorandum states that there is no evidence that Plaintiff used improper diesel fuel. In fact, there is evidence which has been put forth in Defendant's expert report and which is noted in the service history. Plaintiff was on notice that this was the case and even references this in her Amended Complaint. But even with that notice, Mr. Baker did not take the simple steps any qualified expert should have taken to refute the claim.

In addressing the claim under the Magnuson-Moss Act, the court in *Evans v. General Motors Corp.*, 459 F. Supp. 2d 407 (D. Md. 2006) citing *Hickey v. General Motors Corp.*, Civil No.: WDQ-04-1324, said:

> Furthermore, the Fourth Circuit has held that in an implied Warranty of merchantability claim under the Magnuson Moss Warranty Act, a plaintiff cannot assert a claim for the "lost Resale value" of a vehicle without first demonstrating the threshold element that the vehicle actually suffers from a defect. *Carlson v. General Motors Corp.,* 883 F.2d 287, 298 (4th Cir. 1989) (Stating "Merchantability" clearly does not encompass consumer expectations that a product will hold its value"). In other words, a plaintiff cannot argue a loss in valuation of the vehicle without first demonstrating the relevant causation attributable to the defendant manufacturer.

*Evans*, 459 F. Supp. 2d at 414.

In the present case, Mr. Baker has not shown that the vehicle has ever suffered from a defect and, therefore, his report cannot establish the relevant and necessary causation.

## II.    CONCLUSION

For the reasons stated herein, as well as those stated in Defendant's Memorandum of Law in support of its motion *in limine*, Plaintiff's proffered expert witness, Randy S. Baker, Sr.,

should be disqualified from testifying and offering his opinion testimony during the trial of this matter.

Respectfully submitted,

Dated: September 12, 2012

/s/ Rachel Elsby_____
Rachel Jane Elsby (VSB #81389)
BUCHANAN INGERSOLL & ROONEY, PC
1737 King Street, Suite 500
Alexandria, Virginia  22314-2727
Telephone:  703-299-6927
Facsimile:   703-836-2021
rachel.elsby@bipc.com

James DeRose, *pro hac vice*
Anne Burris, *pro hac vice*
LINDABURY MCCORMICK ESTABROOK & COOPER, PC
53 Cardinal Drive, PO Box 2369
Westfield, NJ 07091
Telephone: 908-233-6800
Facsimile: 908-233-5078
jderose@lindabury.com
aburris@lindabury.com

*Counsel for Defendant BMW of NA, LLC*

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 12th day of September 2012, I electronically filed the foregoing DEFENDANT'S MEMORANDUM IN RESPONSE TO PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE THE EXPERT REPORT AND TESTIMONY OF RANDY S. BAKER, SR. with the Clerk of Court using the CM/ECF system which will send notification of such filing via Notification of Electronic Filing (NEF) to the following:

 Leonard A. Bennett, Esq.
 Susan Rotkis, Esq
 CONSUMER LITIGATION ASSOCIATES, P.C.
 763 J. Clyde Morris Blvd., Suite 1-A
 Newport News, VA 23601
 srotkis@clalegal.com
 lenbennett@clalegal.com
 Phone: 757-930-3660
 Fax: 757-930-3662

              /s/ Rachel Elsby\_ _____
              Rachel Jane Elsby (VSB #81389)
              BUCHANAN INGERSOLL & ROONEY, PC
              1737 King Street, Suite 500
              Alexandria, Virginia 22314-2727
              Telephone: 703-299-6927
              Facsimile: 703-836-2021
              rachel.elsby@bipc.com

              *Counsel for Defendant BMW of NA, LLC*